UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON BRENEN,
Individually and on behalf of
all similarly situated individuals,

    Plaintiffs,                                             Case No.

v.                                                                                    Hon.

CARSMETOLOGY,

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff Cameron Brenen, individually and on behalf of all other similarly situated individuals (hereinafter referred to as "Plaintiffs"), by and through their attorneys, HURWITZ LAW PLLC, and hereby allege as follows:

## INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees, and other relief against Defendant Carsmetology ("Defendant") precipitated by Defendant's implementation of policies and practices preventing Plaintiffs from being compensated overtime hours despite regularly working more than 40 hours per week. Plaintiffs bring this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs' claims arise out of Defendant's misclassification of its employees as being exempt from overtime compensation in contravention of the FLSA.

## JURISDICTION AND PARTIES

2. Plaintiff Cameron Brenen is an individual residing in the City of Ann Arbor, County of Washtenaw, and State of Michigan.

3. Defendant Carsmetology is a domestic profit corporation, with its principal place of business in Jackson, Michigan, which regularly conducts business in Ann Arbor, Michigan, which is located in Washtenaw County.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs are bringing claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiffs' claims took place and where Defendant regularly conducts business.

6. The facts and unlawful employment practices within the meaning of the FLSA giving rise to this Complaint occurred within the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

7. Plaintiffs incorporate by reference the foregoing paragraphs and allegations as though fully stated herein.

8. Defendant is a corporation that owns and operates five auto-service shops in southeastern Michigan.

9. At all times relevant to this Complaint, Defendant was Plaintiffs' employer.

10. Plaintiffs consistently and regularly work or worked more than forty (40) hours per week, but are, or were, not compensated for their overtime work.

11. The proposed collective action class is defined as "all current and former non-exempt employees who worked for Defendant and were not paid overtime at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's locations."

## Plaintiff Cameron Brenen

12. Plaintiff was employed as a Car Detailer for Defendant and routinely worked over 40 hours per week.

13. Defendant attempted to pay Plaintiff on a "piece-rate" basis, where he was paid a fixed sum for the vehicles he worked on, but not for the actual hours he worked.

14. Defendant failed to track Plaintiff's hours.

15. When Plaintiff inquired about his pay structure, Defendant told him to "work slower and maybe the dealerships would give [him] cleaner cars."

16. Defendant deprived Plaintiff of invoices for the work he performed and ridiculed him for requesting proper documentation.

17. While transporting vehicles to and from dealerships was a critical part of Plaintiff's work, he was never compensated for doing so.

18. Plaintiff recorded at least 115 trips he made for Defendant and can recall many more.

19. Plaintiff never received overtime pay despite routinely working more than 40 hours per week.

20. Plaintiff did not exercise discretion and independent judgement with matters of significance.

21. Plaintiff was not allowed to deviate from established policies and procedures.

22. Plaintiff is not separately trained to perform managerial or administrative duties.

23. Plaintiff does not schedule employees.

24. Plaintiff does not make final hiring decisions.

25. Plaintiff had no authority to hire or fire other employees.

26. Plaintiff cannot set and/or adjust rates of pay and hours of work.

27. Plaintiff's primary duties as Car Detailer did not "require advanced knowledge" defined by 29 C.F.R. § 541.301(e)(2) as "work which is predominantly intellectual in character, and which includes work requiring consistent exercise of discretion and judgment."

28. Plaintiff performed remedial non-managerial and non-administrative job duties that could have been performed by any staff member.

29. Plaintiff was told he was a "piece-rate" employee, but the classification is legally untenable.

30. Plaintiff detailed vehicles and transported them to and from the premises.

# COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER (UNPAID OVERTIME WAGES)

31. Plaintiffs incorporate by reference the foregoing paragraphs and allegations as though fully stated herein.

32. Plaintiffs are former and current "employees" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

33. At all times relevant to this action, Defendant was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*

34. Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods" within the meaning of 29 U.S.C. § 203 *et seq.*

35. The FLSA, 29 U.S.C. § 207, requires employers to pay employees on and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) hours per week.

36. Under the FLSA, all employees are entitled to overtime pay unless they fall into an exemption category; none of which apply to Plaintiffs.

37. Plaintiffs regularly worked more than forty (40) hours per week without overtime pay.

38. Plaintiffs worked outside of regularly scheduled shifts.

39. Defendant has a policy and practice of failing and refusing to pay Plaintiffs for all hours worked in violation of the FLSA, 29 U.S.C. § 201, et *seq*.

40. Plaintiffs were deprived of proper overtime compensation for hours worked in excess of forty (40) hours per week.

41. Defendant's conduct in this regard was knowing and willful.

42. Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

44. By failing to accurately record, report, and/or preserve records of hours Plaintiff worked, Defendant has failed to make, keep, and preserve records with respect to each of its employee sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

45. Plaintiffs and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial.  Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

46. The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b) is defined as ""all current and former non-exempt employees who worked for

Defendant and were not paid overtime at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation at any of Defendant's locations."

47. Plaintiffs reserve the right to amend said collective action definition consistent with information obtained though the course of discovery.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(A) An award of unpaid overtime wages under the FLSA;

(B) An award of unpaid wages for compensable hours under the FLSA;

(C) An award of accrued vacation time under the FLSA;

(D) An award of liquidated damages under the FLSA;

(E) Interest;

(F) Attorneys' fees and costs under the FLSA; and

(G) Such other relief as in law or equity may pertain.

    Respectfully Submitted,
    HURWITZ LAW PLLC

    */s/ Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    *Attorneys for Plaintiffs*
    617 Detroit St. Ste. 125
    Ann Arbor, MI 48104
    (844) 487-9489

Dated: September 9, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CAMERON BRENEN,
individually and on behalf of
all similarly situated individuals,

    Plaintiffs,                                        Case No.

v.                                                        Hon.

CARSMETOLOGY,

    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Cameron Brenen, individually and on behalf of all similarly situated individuals, by and through their attorneys, HURWITZ LAW PLLC, and demand a jury trial in the above-captioned matter for all issues so triable.

                                             Respectfully Submitted,
                                             HURWITZ LAW PLLC

                                             */s/ Noah S. Hurwitz*
                                             Noah S. Hurwitz (P74063)

                                                  *Attorneys for Plaintiff*
                                                  617 Detroit St. Ste. 125
                                                  Ann Arbor, MI 48104
                                                  (844) 487-9489

Dated: September 9, 2022